DICKENSON v. P. J. HOOKER CO.

Ohio Appeals, 6th Dist., Lucas Co.

Decided Nov. 22, 1926

480. EVIDENCE—Where notice of cancellation of contract was not given as was stipulated therein, the time for which same was to run, is immaterial.

297. CONTRACTS—Exclusive sales contract. Third party sells property; held that broker can recover amount of commission upon sale price by third party.

RICHARDS, J.

The P. J. Hooker Company brought an action in the Lucas Common Pleas to recover commission on a written contract for sale of real estate. The trial court at the conclusion of all the evidence directed a verdict in favor of the company, and judgment was rendered thereon.

The rights of the parties depended upon the contract in which was contained provisions that if the Hooker Co. would advertise and endeavor to sell said property, Mrs. Dickenson would pay a commission of 10% and they were to receive the commission whether they or any other person sold the property and this agreement was to remain in force until written notice was given to the contrary. There was a stipulation that it could be terminated after (here a blank was left and there was some dispute as to the length of time of the contract) but same must be terminated by written notice.

The Court of Appeals held:

1. Evidence as to whether the blank space was filled up to read 30 days or 3 months is immaterial as written notice was required before termination.

2. From all the terms of the contract we cannot see how the court could do otherwise than direct a verdict for the Hooker Co.

Judgment affirmed.

(Culbert & Williams, JJ., concur.)

Attorneys—Conn &Holloway for Dickenson; W. Bacome for Company; all of Toledo.